## J. H. PARKER V. THE STATE.

### No. 2371. Decided June 11, 1902.

**1.—Perjury—Rendering Property for Taxation—Indictment.**

The form of oath required of a person rendering property for taxation is prescribed in article 5098, Revised Statutes, and an indictment for perjury predicated upon the falsity of such oath, to be sufficient, must, in all its allegations, conform to the provisions and conditions of said article, and set forth an oath as prescribed in said article 5098.

**2.—Same.**

See opinion for an indictment for perjury in falsely rendering property for taxation held bad, because not in conformity with the form and requisites of article 5098, Revised Statutes.

**3.—Same—As to Property in Another County.**

An assessor has no right to require the rendition of property not located and situated in the county where the assessment is attempted. Rev. Stats., arts. 5097, 5068.

**4.—Same.**

Where an indictment for perjury was based upon defendant's oath to the rendition of property in Kimble County, in which oath he is alleged to have falsely stated that he had $2000 in a bank in Kerr County, when in truth and fact the amount of his deposit in the bank in Kerr County was $4000; Held, the assessor of Kimble County had no right to assess the taxes due on property situated or located in Kerr County; and furthermore, the said indictment was defective in not alleging that the money rendered was in the bank payable on demand, as required by Revised Statutes, article 5064.

Appeal from the District Court of Kimble. Tried below before Hon. R. H. Burney, Special Judge.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion sets out the indictment. Defendant filed a motion in arrest of judgment attacking the sufficiency and validity of the indictment, which motion was overruled.

*Walter Anderson* and *W. C. Linden,* for appellant.—The court erred in overruling appellant's motion in arrest of judgment because of the insufficiency of the indictment; because the indictment sets out and declares upon an oath entirely different from that which the assessor of taxes is authorized by law to administer, and differs both in form and substance from the oath required of the taxpayer and the oath which the tax assessor is authorized by law to administer.

Article 5063, Sayles' Statutes, provides that among other personal property subject to taxation "all moneys" shall also be subject to taxation.

Article 5064 defines the term "money" or "moneys," and provides that in addition to money or moneys it shall include every deposit which the person owning the same or holding it in trust and residing in this State is entitled to withdraw on demand.

In order to render the money described in the indictment and alleged therein and declared to have been on deposit in the bank of Chas. Schreiner, at Kerrville, Texas, subject to taxation in Kimble County, Texas, several material matters must have been true, neither of which appear in the indictment

The money, to be taxable as money, must have been subject to withdrawal on demand. To be subject to taxation in Kimble County, the owner must have resided in Kimble County, Texas, on the 1st day of January, and at that time must have owned the money and at that time time had the right to withdraw it from the bank of Chas. Schreiner on demand, and must have resided in Kimble County, Texas, on the date that the alleged oath was made and the alleged perjury committed, and must at that time have been liable as a taxpayer of Kimble County, Texas, for the taxes upon this money.

It is a fundamental proposition supported by an unbroken line of the decisions of this court that an indictment is wholly defective in substance which fails to set out all the statutory ingredients of the offense sought to be prosecuted, and in this instance and in the particulars hereinbefore stated, the indictment wholly fails to show that the law has been violated.

In regard to the third assignment of error herein stated as a proposition, it is suggested that neither the assessor of taxes nor his deputy are authorized to administer any oath other than that set out by the statute, and that they are not officers authorized to administer oaths generally; therefore, being authorized to administer a certain specified oath, they can not legally administer ony other.

An examination of the indictment in this case discloses the fact that the allegation is made there that the deputy tax assessor administered an oath to the appellant to testify as a witness, and it is nowhere in said indictment alleged that the deputy tax assessor caused the appellant to swear to his rendition and make the affidavit required by the statute (article 5098), to the correctness of his rendition. Sayles' Stats., arts. 5063, 5064, 5098; Griffin v. Heard, 78 Texas, 607; Ferris v. Kimble, 75 Texas, 476; State v. Perry, 42 Texas, 238.

*Clarence Martin,* District Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.—The State submits that the indictment is good under the authority of articles 5097 and 5098, Revised Civil Statutes. Article 5097 gives the assessor power to administer all oaths necessary, etc.; and in this case it will be seen that the deputy tax assessor was instructed specifically to obtain a true, full and complete rendition of all property and especially all moneys held by appellant. The indictment alleges that he was duly sworn, and under the allegation duly sworn the State is entitled to prove that an oath was administered to appellant under either article 5097 or 5098.

Defendant resided in Kimble County. The money was deposited in Charles Shreiner's bank, in Kerrville, Kerr County. It was then subject to taxation, and the law required appellant to render it for taxation in Kimble County. Article 5063 defines property subject to taxation. Article 5064 defines the term money, and under the rule as laid down by the courts this money was subject to taxation in Kimble County. Ferris v. Kimble, 75 Texas, 476, 12 S. W. Rep., 689; Connor v. City

of Waxahachie, 13 S. W. Rep., 30. Also for a definition of the term "money on deposit" see Griffin v. Heard, 78 Texas, 607, 14 S. W. Rep., 892.

In the case last cited it is clearly shown that where one bank has deposits in another that the same is subject to taxation by the depositing bank, and that all deposits in the bank which are subject to withdrawal on demand are to be deducted from their taxable values. If, then, these amounts are to escape taxation by the bank, it clearly follows that same should be rendered by the depositors. This case fully discusses these questions.

Articles 5067 and 5068 clearly show mode and manner of rendition, and article 5068 shows that money should be rendered in county of person's residence. Article 5075 prescribes that person shall make out his list "verified by his oath," etc. Article 5088, subdivisions 6, 7, throws further light on the definition of the term money, as does also article 5088a.

Article 5095 authorizes assessors to appoint deputies, and article 5096 defines their powers; article 5097 authorizes them to administer all oaths necessary to obtain a full, true and complete list of all taxable property situated in their respective counties.

Now he went there to get this assessment, and under this article he had authority to swear the appellant for this very purpose, and all that is necessary is to allege that he was duly sworn, and prove then the administering of any statutory oath.

A careful investigation of these two articles, 5097 and 5098, will establish that the allegation duly sworn will entitle the State to prove that appellant was sworn under authority of either article, especially where appellant asked no ruling as to which article was proceeded under.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary.

The charging part of the indictment is as follows: "The grand jurors for the county of Kimble, State aforesaid, duly organized * * * upon their oaths in said court present that J. H. Parker, who resides in Kimble County, Texas, on the 1st day of January, A. D. one thousand nine hundred (1900), then and there owned and held, subject to taxation in said Kimble County, Texas, by the laws of the State of Texas, on the 1st day of January, A. D. 1900, money on deposit in the bank of Chas. Schreiner in Kerrville, Texas, to the amount of four thousand dollars, and it became a material matter of inquiry before J. B. Browning, deputy tax assessor of Kimble County, Texas, as to what amount of money the said J. H. Parker owned and held subject to taxation in said Kimble County, Texas, on the 1st day of January, A. D. 1900, and the said J. H. Parker did, on the 15th day of March, A. D. 1900, in Kimble County, Texas, present himself before J. B. Browning, Esq., deputy tax assessor of Kimble County, Texas, and was duly and legally sworn, and did take his corporal oath before said J. B. Browning,

deputy tax assessor of said Kimble County, Texas, to testify as a deputy tax assessor of said Kimble County, Texas, as aforesaid, which said oath was required by law and was necessary for the ends of public justice, and · which said oath was then and there administered to him, the said J. H. Parker, by the said J. B. Browning, deputy tax assessor of Kimble County, Texas, on the date last above written, the said J. B. Browning having sufficient and competent authority under the law to administer said oath to the said J. H. Parker, and after said oath had been administered to the said J. H. Parker, as aforesaid, it then and there became a material matter of inquiry as to the amount of money owned and held by the said J. H. Parker, on the 1st day of January, A. D. 1900, and subject to taxation in Kimble County, Texas, under the laws of this State, and the said J. H. Parker, being duly and legally sworn, as aforesaid, in said Kimble County, Texas, did falsely, willfully and deliberately, before said J. B. Browning, depose and state under his oath, that he, the said J. H. Parker, owned and held only two thousand dollars .($2000) in money subject to taxation in Kimble County, Texas, on January 1, 1900, and that said J. B. Browning, in listing said amount of money owned and held by the said J. H. Parker, subject to taxation in said Kimble County, as aforesaid, listed the same as follows: 'Amount of money of bank, banker, broker or stock jobber, 2000,' which was a clerical mistake of the said J. B. Browning, and should have been listed as two thousand dollars, the amount of money owned and held by the said J. H. Parker subject to taxation in Kimble County, Texas, on January 1, 1900, as sworn to by said J. H. Parker. Which said statement as aforesaid was a material matter of inquiry before the said deputy tax assessor for the purpose of ascertaining the amount of taxes due Kimble County, Texas, from the said J. H. Parker for the year 1900. Whereas, in truth and in fact, the said J. H. Parker did not own and hold *only* ($2000) two thousand dollars in money subject to taxation in Kimble County, Texas, on January first, 1900, but he, the said J. H. Parker, owned and held four thousand dollars in money, subject to taxation in Kimble County, Texas, on January 1, 1900, and the statement so made by the said J. H. Parker, that he owned and held only two thousand dollars in money, subject to taxation in Kimble County, Texas, on January 1, 1900, was willfully and deliberately false, as he, the said J. H. Parker, then and there well knew; against the peace and dignity of the State."

Appellant filed a motion to quash the indictment, among others, on the following grounds: (1) Property to be assessed was situated in Kerr and not in Kimble County. (2) It does not set forth or show the oath alleged to have been administered to defendant. (3) Because it appears from said indictment that no offense against the laws of the State is charged and said indictment does not charge any offense. The motion should have been sustained. Under article 5097, Revised Civil Statutes, assessors are empowered to administer all oaths necessary to obtain a full and complete assessment of all taxable property situated

in their respective counties. Article 5098 prescribes the form of oath that each person is required to subscribe and swear to after the rendition of property. Article 5100 provides that the assessor shall forfeit $50, to be deducted from his commissions, if he does not administer the oath or affirmation prescribed in article 5098 to each person rendering and listing all taxable property to him. Article 5103 prescribes that the list shall be made under oath as prescribed in article 5098. And the succeeding article, 5104, says the rendition shall be valid, although the party listing the property does not make the affidavit. A casual inspection of these articles discloses that it is the imperative duty, under penalty of a fine, for the assessor not to administer the oath as contained in article 5098, after the property has been rendered, according to the other provisions of the law on taxation. An inspection of the indictment shows that the same attempts to predicate perjury upon the provisions and conditions of article 5098; and in order to do so, the indictment should so allege, setting out the oath prescribed by said article, and the evidence should establish the allegations of the indictment. The evidence shows that no attempt was made to administer to appellant this oath at all after all the property had been listed; and aside from the allegations in the indictment which evidence the fact that article 5098 was attempted to be complied with, the evidence also shows that said article alone was attempted to be complied with. But, as contended by appellant, the assessor has no right to require the rendition of property not located and situated in the county where the assessment is attempted. This is a clear provision of article 5097, supra. It is further provided by article 5068 as follows: "All property, real and personal, except such as is required to be listed and assessed otherwise shall be listed and assessed in the county where it is situated." The indictment charges that the rendition was made in Kimble County of property, to wit, $2000, located in a bank in Kerr County. The perjury being predicated upon the proposition that appellant had in said bank in Kerr County $4000, and that he swore falsely in stating in his rendition that he only had $2000. The assessor of Kimble County had no right to assess appellant for taxes due or that might be due in Kerr County. The Acts of the Twenty-fifth Legislature, chapter 142, amends articles 5068, 5076, 5098 and 5130 of Revised Civil Statutes, but in no respect changes the place where said property is to be rendered. Furthermore, as contended by appellant, the indictment should allege that the money rendered was in said bank, payable on demand, as required by article 5064. The conclusion, therefore, to be deduced is, that the indictment in this case charges no offense. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution dismissed.*


HENDERSON, JUDGE.—A agree that the case should be reversed on some of the propositions urged by appellant.